

**T**HE **C**ITY OF **N**EW **Y**ORK

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**LAUREN F. SILVER**
Assistant Corporation Counsel
Phone: (212) 356-2507
E-mail: lasilver@law.nyc.gov
*E-mail and Fax Not For Service*

May 22, 2024

**By ECF**
Honorable Loretta A. Preska
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl St.
New York, NY 10007-1312

   Re: Karl Rugg v. City of New York, et al.
      1:18-cv-09762 (LAP)

Dear Judge Preska:

  I am an Assistant Corporation Counsel in the Office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, attorney for Defendants in the above-referenced action. I write on behalf of all parties and per the Court's May 10, 2024 order (Dkt. No. 88) regarding Plaintiff's request for a pre-trial conference.

  The parties have met and conferred and wish to appear for an additional settlement conference in front of Magistrate Judge Willis. Accordingly, the parties request that Your Honor refer this matter to Judge Willis for a settlement conference. Additionally, Defendants believe that the parties disagree as to what claims remain following Your Honor's July 6, 2022 decision on Defendants' motion for summary judgment. See ECF Dkt. #82. Defendants request clarification as to what claims remain as Defendants believe it would assist the parties to potentially reach settlement, or should settlement fail, in drafting the pre-trial order. Thus, Defendants respectfully request that Your Honor schedule a status conference in advance of any pre-trial conference in order to clarify what compensatory damages are recoverable after Summary Judgement.

  In contrast, Plaintiff believes that the Court's order was clear that it dismissed counts VII, VIII, IX, X, XI, and XII, and declined to dismiss counts II and III of the Amended Complaint. Therefore, it is Plaintiff's understanding that the parties agree what claims after summary judgment remain and merely disagree as to what compensatory damages are recoverable at trial after summary judgment. As such, while Plaintiff joins in Defendants' request for a settlement

conference, Plaintiff disagrees that a "status conference" is appropriate at this time regarding trial damages. Plaintiff submits that it would be unnecessary for the Court to consider a matter that should have been raised, and was not, in Defendants' summary judgement motion and would more appropriately be reserved for trial.

Additionally, Defendants respectfully request an adjournment of the conference scheduled for May 28, 2024, because the undersigned will be out of the country. The parties have conferred and are available on July 16, 19, and 22, or a date thereafter which is convenient for the Court.

We thank the Court for its attention in this matter.

Respectfully Submitted,

*s/ Lauren F. Silver*

Lauren F. Silver
Assistant Corporation Counsel

cc:   Counsel of Record (By ECF)

```
As set out in the Court's July 6, 2022 Order, the only
Counts remaining in this action are Counts II and III.
(Dkt. no. 78.)  The above action is referred to Judge Willis
for settlement.

In light of the above, the Court adjourns sine die the
pretrial conference scheduled for May 28, 2024 at 10:00 a.m.
The Clerk of the Court shall close the open letter motion at
docket entry 94.  SO ORDERED.


Date:   05/23/24       [signature: Loretta A. Preska]
                       _____
                       LORETTA A. PRESKA
                       Senior United States District Judge
```